# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RANDY BURKE,** )<br>    Plaintiff         )<br>                           )<br>v.                        )<br>                           )<br>**HAROLD CLARKE, et al.,** )<br>    Defendants    ) | Civil Action No.: 7:16cv00365<br><br>**MEMORANDUM OPININON** |

The plaintiff, Randy Burke, ("Burke"), an inmate incarcerated at Wallens Ridge State Prison, ("Wallens Ridge"), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), against the defendants, all of whom are employees of the Virginia Department of Corrections, ("VDOC"). Burke, who states he is of the Rastafarian faith, alleges that, while he was incarcerated at Wallens Ridge in the Violators Housing Unit, ("VHU"), the defendants violated his rights under the Fourteenth and First Amendments and RLUIPA by denying him access to Rastafarian group services, religious items and special holiday meals for holy days and by not affording Virgin Island inmates the same education and vocational programming as inmates from Virginia. Burke seeks declaratory and injunctive relief and compensatory and punitive damages.

By Memorandum Opinion and Order entered March 27, 2018, (Docket Item Nos. 40, 41), Senior District Judge Jackson L. Kiser granted the defendants summary judgment on all but the following of Burke's claims:

1. Burke's claim that the defendants violated his rights under the First Amendment and RLUIPA because he was denied access to Rastafarian group services, religious items and special holiday meals for holy days;
2. Burke's claim that the defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment because he was denied access to Rastafarian group services, religious items and special holiday meals for holy days when these were provided to Muslim inmates; and
3. Burke's claim that the defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment because, as a Virgin Islands inmate, he was not provided the same educational and vocational programming as inmates from Virginia.

These claims are before the court on the defendants' Motion For Summary Judgment, (Docket Item No. 44) ("Motion"), and the plaintiff's response in opposition, (Docket Item No. 51). None of the parties has requested a hearing on the Motion, making it ripe for disposition.

*I. Facts*

Burke, in his verified Complaint, stated that he is a Virgin Island inmate of the Rastafarian faith housed by the VDOC at Wallens Ridge since May 30, 2014. Burke stated that, since June 26, 2014, he has been housed in the VHU, a general population unit for prisoners who refuse to comply with the VDOC's grooming policy. Burke stated that he was allowed to participate in "a make shift Rastafarian

religious service," beginning January 15, 2015. Burke stated that no Rastafarian religious service items or high priest was provided for this group service.

Burke stated that he requested Rastafarian religious service items by Offender Request form filed with the Chaplain on April 28, 2016. On this Offender Request form, Burke requested red, yellow and green Rastafarian prayer rugs, Lion of Judah flags, a portrait or poster of King Haile Selassie, drums, a Holy Piby Bible, incense and a red, yellow and green knit hat for use in Rastafarian services. (Docket Item No. 1-1 at 29.) Burke also requested Rastafarian holy day meals on July 23 and November 2. The Chaplain responded, "Don't have any of this." Burke also attached a May 5, 2016, Informal Complaint he filed with the Chaplain. (Docket Item No. 1-1 at 30.) On the form, Burke, again, requested religious service items, such as prayer rugs, Lion of Judah flags, portraits or posters of King Haile Selassie, drums, a Holy Piby Bible, incense and a knit hat. He also wrote that he had requested Rastafarian holy day meals, but was denied. The Chaplain wrote in response, "I do not have. All items I have are donated." In an Affidavit attached to his Complaint, (Docket Item No. 1-2 at 1), Burke stated that, on June 26, 2014, he requested to attend Rastafarian religious group services, and his request was denied.

Burke also attached a copy of a VDOC Master Religious Calendar. (Docket Item No. 1-1 at 37-39.) This Calendar shows that the VDOC recognizes July 23 and November 2 as Rastafarian holy days with no special dietary considerations for the general prison population. Burke also attached a copy of a Wallens Ridge Personal Property Menu, listing items that can be purchased from the commissary. (Docket Item No. 1-1 at 40-42.) On this Menu, Burke has circled where the

commissary offers black and white kufis, prayer rugs and fragrant oils for sale to inmates.

Burke also attached the affidavits of several other inmates to his Complaint. In his Affidavit, (Docket Item No. 1-2 at 7-8), Ras-Talawa Tafari stated that he had requested to participate in a vocational program course on the Occupational Safety and Health Administration, ("OSHA"). Tafari said that his request was returned to him with a statement from the Treatment Department that he was not able to participate in any existing vocational programs due to his housing assignment in the VHU. Burke also provided an Affidavit from Wallens Ridge inmate Dartagnan Simmons, who stated that he practiced the Rastafarian faith and was allowed to attend group religious services held every Thursday. (Docket Item No. 1-2 at 13.)

Burke attached an Affidavit from inmate Daryl Blyden to his Complaint. (Docket Item No. 1-3 at 1.) In this Affidavit, Blyden stated that he was transferred to the VHU at Wallens Ridge on June 6, 2014, where he requested educational and vocational programs, as well as group religious services. Blyden said that all inmates housed in the VHU were "automatically denied access" to vocational programs and group religious services. Burke also attached an Affidavit from inmate Khaeil Thompson, (Docket Item No. 1-3 at 2.) Thompson stated that his religion was Rastafarian. He said that he was deprived of the ability to work in some prison positions, to attend educational and vocational programs and to attend religious services. He also said that he was deprived of unspecified "religious items." Burke also provided a Declaration from inmate Habakkuk E. Ben Yowel. (Docket Item No. 1-3 at 3-9.) Yowel stated that, beginning February 16, 2016, Defendant Lt. King explained that no congregational religious services or educational or vocational programs would be provided to inmates held in Phase 1

of the VHU. He stated that Wallens Ridge did not allow Rastafarians to observe their holy days and feast days as Jewish, Muslims and other religious inmates are allowed to do. In particular, Yowel stated that Rastafarians were not allowed to celebrate H.I.M. Selassie's birthday on July 23 or the anniversary of his coronation on November 2.

Burke also submitted a declaration in opposition to the Motion, but the declaration simply restates the facts alleged by the defendants. (Docket Item No. 51 at 1-8.) The plaintiff's brief in opposition is sworn and does contain some factual allegations. (Docket Item No. 51 at 9-31.) In particular, Burke stated that, in August 2016, group religious services were discontinued for offenders in Phase 1 of the VHU. Burke has filed as an exhibit a VDOC form listing the Religions Approved to Operate in DOC Facilities; Rastafarians are on this list. (Docket Item No. 51-1 at 3.)

In support of their Motion, the defendants have offered a Supplemental Affidavit from J. Combs, Assistant Warden at Wallens Ridge. (Docket Item No. 45-1.) According to Combs, the VHU's objective is to manage and encourage compliance of male offenders who are in violation of the VDOC's grooming standards, which are contained in Operating Procedure, ("OP"), 864.1 Offender Grooming and Hygiene. A copy of OP 864.1 is attached to Combs's Supplemental Affidavit. (Docket Item No. 45-1 at 7-15.) Combs said that the VHU pod is separated by a two-tier phased incentive program. He said the two-tier phases were created in order to enhance offender motivation, programming and quality of life, while deterring abuse of the program. The upper tier is designated for Phase I, being the phase with fewer privileges, while the bottom tier is designated for Phase II, which has greater privileges. Combs's Supplemental Affidavit contains a chart

of the different privileges available in Phase I and Phase II. (Docket Item No. 45-1 at 2.)

Combs said, at Burke's request, he was transferred to Wallens Ridge on May 30, 2014, and placed into the VHU pod on June 26, 2014, as a Phase I offender. At the time that he entered the VHU, Combs said, Burke was told that he could practice his religious faith inside of his cell or meet with the Chaplain in the VHU because religious services were not available to Rastafarian offenders housed in the VHU. In January 2015, both Phase I and Phase II offenders housed in VHU were allowed to participate in religious group services with other offenders in the VHU pod. Burke signed up to participate in group religious services in January 2015 while in Phase I, and he continued his eligibility to participate in religious group services when he moved to Phase II in August 2016.

Beginning in August 2016, OP 864.1 was revised to allow only Phase II VHU offenders to participate in group religious services with other offenders. In October 2016, Burke was moved back to Phase I for refusal to comply with a double cell assignment, as required in Phase II, Combs said. He said that Burke has continued to refuse to be housed with another offender since October 2016. Combs said that Burke is eligible to participate in the same educational and vocational programs offered to all other offenders housed in the VHU. Combs said that offenders housed in VHU, unlike offenders in general population, do not get to physically go into an instructional class with other offenders, but are enrolled in classes through the distance learning program provided by the Division of Education. Combs said that Burke had completed several classes through the distance learning program, and Burke had not been denied access to any educational or vocational program.

Combs said, for security reasons, VHU offenders are housed separately and are not provided access to other general population offenders for any reason, including programs and religious services. He said this prevented the exchange of contraband between offenders and facilitated the identification of offenders by security staff.

Combs said that the Chaplain had responded to Burke's May 5, 2016, Informal Complaint requesting a prayer, a Lion of Judah flag, posters or portraits of King Haile Selassie, drums, a Holy Bipy Bible, incense and a knit hat, informing him that he did not have these items. Combs said that, under OP 841.3, religious faith objects may be donated to the prison and that Burke may use any Rastafarian religious items that have been donated in religious services. Combs said that the items that Burke had requested had not been donated to the facility and were not on the list of Approved Religious Items. Combs also said that individual offenders could possess items on the list of Approved Religious Items, and, if a particular item was not on the list, an offender could submit a Request for Approval of Religious Item to the warden or his designee. Combs attached a copy of a Request for Approval of Religious Item to his affidavit. (Docket Item No. 45-1 at 93.) Combs said that there is no record that Burke ever submitted a Request for Approval of Religious Item form.

The defendants also have submitted an Affidavit from Defendant A. David Robinson, VDOC Chief of Operations. (Docket Item No. 45-2.) Robinson stated that Burke was placed in the VHU at Wallens Ridge on June 26, 2014, because he has refused to comply with the VDOC grooming policy with regard to the length of his hair. Robinson said that, because there are thousands of religions worldwide, the VDOC has recognized specific religions that operate where offender

participation, facility resources and religious leadership are available without any further VDOC approval required. He said the current religions that are recognized to operate in the VDOC facilities are listed on a document called Religions Approved to Operate in DOC Facilities, which was attached to his Affidavit. (Docket Item No. 45-2 at 23.)

Robinson also said that the Master Religious Calendar issued from the VDOC is not sent to the facilities to deny or approve any holy day special meal or observance of any particular religion. He said the Master Religious Calendar was sent out to facilities as a reminder of what had been approved through procedures set out in VDOC policy. Robinson said that there are several religions recognized by the VDOC that do not receive a holy day meal/feast, and, therefore, Rastafarians are not being singled out to not receive a holy day meal/feast. He also said that all offenders, of every approved religion, could submit additional requests for specific holy day meals to the faith review committee for consideration.

## II. Analysis

With regard to a motion for summary judgment, the standard for review is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). A genuine dispute of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In

considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. In order to be successful on a motion for summary judgment, a moving party "must show that there is an absence of evidence to support the non-moving party's case" or that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore, Ky.,* 93 F.3d 230, 233 (6th Cir. 1996). When a motion for summary judgment is made and is properly supported by affidavits, depositions or answers to interrogatories, the nonmoving party may not rest on the mere allegations or denials of the pleadings. *See Oliver v. Va. Dep't of Corrs.*, 2010 WL 1417833, at *2 (W.D. Va. Apr. 6, 2010) (citing FED. R. CIV. P. 56(e)). Instead, the nonmoving party must respond by affidavits or otherwise and present specific facts from which a jury could reasonably find for either side. *See Anderson*, 477 U.S. at 256-57.

In his Complaint, (Docket Item No. 1), Burke has sued numerous defendants. These defendants include Harold Clarke, Director of VDOC; Leslie Fleming, Warden of Wallens Ridge; Combs; Jimmy Collins, Wallens Ridge A-2 and A-3 Unit Manager; Robinson; C. King, Lieutenant of A-2 and A-3 Units; John Jabe, VDOC Deputy Director of Operations; Robert A. Bivens, VDOC Regional Ombudsman; Brenda Ravizee, Wallens Ridge Institutional Ombudsman and Grievance Coordinator; Rebecca Young, Wallens Ridge Operations Manager; Marcia Hensley, Treatment Program Supervisor; and Thomas Jones, Wallens Ridge Law Library Supervisor. Other than listing the defendants and identifying them by title, Burke's Complaint does not mention any action taken by any specific defendant in violation of his rights other than the following defendants: Lt. King, Jones, Warden Fleming, Collins, Ravizee and Bivens. In particular, in his

Complaint, Burke stated that Lt. King gave him a hearing on February 18, 2016, and informed him that each offender housed in VHU was free to worship and practice his religious beliefs inside his cell and participate in group religious services in accordance with the facility religious service schedule. In his Complaint, Burke stated that Jones had informed him that the Virgin Islands Bureau of Corrections had not provided the Wallens Ridge law library with any updated workable electronic version of the Virgin Islands Code. Burke also stated in his Complaint that he filed administrative remedies requests to Jones and Warden Fleming. Burke stated that Collins responded to one of these requests by informing him to enroll for religious services with the Chaplain during the open enrollment period and that he could take part in vocational/educational programming only through the long distance learning system. Burke also stated that he had sent Regular Grievances to Ravizee's office, and Ravizee had informed him to send the Chaplain an enrollment form during open enrollment to participate in Rastafarian religious services. He also stated that Ravizee had rejected another Regular Grievance regarding educational/vocational programming as duplicative. Burke stated that he appealed the grievance decisions, which were responded to on appeal by Bivens. Other than these specific acts, Burke has stated that Clarke, Robinson, Bivens, Young, Fleming, Collins, Combs, King, Hensley, Ravizee and Jabe violated his rights under the First and Fourteenth Amendments and RLUIPA by denying him access to Rastafarian religious group services and Rastafarian religious service items and holy day meals and by treating him differently from other Virgin Island offenders who are in compliance with VDOC grooming policies.

In this case, the defendants argue that there is no genuine dispute of material fact, and they are entitled to entry of summary judgment in their favor. Defendants argue that they are entitled to summary judgment on these alternative grounds:

1. Burke has failed to show that the defendants' acts substantially burdened his religious practice; and
2. Burke has failed to show that he has been treated differently than similarly situated inmates.

Based on my review of the evidence before the court, I find that there is no genuine dispute in material fact and that the defendants are entitled to entry of summary judgment in their favor. In order for an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). Vicarious liability is not applicable in § 1983 suits; instead, a plaintiff must plead and prove liability against an individual defendant based on that defendant's own actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

In this case, Burke has offered no evidence that any of the defendants took any specific action to deny Burke access to group religious services or religious items or holy day meals/feasts or to educational/vocational training. As stated above, when a motion for summary judgment is made and is properly supported, the nonmoving party may not rest on the mere allegations or denials of the pleadings. *See Oliver*, 2010 WL 1417833, at *2. While Burke may rely on the specific factual allegations contained against specific defendants in his verified Complaint, he may not rely on conclusory statements that the defendants' unspecified actions violated his rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). At best, Burke's verified Complaint alleges that certain defendants advised or notified him with regard to VDOC policies, but Burke has not provided evidence that any of these defendants, even Director Clarke, had responsibility for formulating these policies.

Insofar as Burke alleges that the policies, themselves, infringe on his religious rights, Burke has provided the court with no evidence as to his sincerely held religious beliefs, other than to state that he is of the Rastafarian faith. To pursue his free exercise claim under either the First Amendment or RLUIPA, Burke must show that the exercise of his religious beliefs was "substantially burdened" by the defendants' actions. *See Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017); *Lovelace v. Lee*, 472 F.3d 174, 185 (4th Cir. 2006). "…[A] 'substantial burden' is one that 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs,' … or one that forces a person to 'choose between following the precepts of [his] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of [his] religion … on the other hand.'" *Lovelace*, 472 F.3d at 187 (internal citations omitted). Burke has offered no evidence of any substantial burden on the free exercise of his religious beliefs, other than to make conclusory allegations in his Complaint. He has offered no evidence that group religious services, religious items such as prayer rugs, flags, posters or portraits, hats or incense or holy day meals/feast are tenets of his faith. As stated above, a party may not rest on mere allegations to defeat a motion for summary judgment. *See Oliver*, 2010 WL 1417833, at *2. Therefore, I find that there is no genuine dispute of material fact and that summary judgment should be entered in the defendants' favor on Burke's First Amendment and RLUIPA claims.

With regard to Burke's claim under the Equal Protection Clause of the Fourteenth Amendment, in order to survive summary judgment, Burke must produce evidence that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Mere conclusory allegations of discrimination are insufficient, as are mere conclusory allegations of disparities. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1139-40 (W.D. Va. 1974). Burke has provided no such evidence to the court. In fact, the undisputed evidence, presented through Combs's Affidavit, is that all offenders housed in the VHU have access to the same educational and vocational programs, regardless of whether they are Virginia or Virgin Island offenders. The defendants also have presented undisputed evidence that Burke did not request that any specific religious items be added to those approved for purchase by offenders, and he did not specifically request that any particular holy day meal/feast be offered for Rastafarians. With regard to his request to participate in group religious services, Burke offered no evidence that he was being treated any differently than any other offender held in Phase 1 of the VHU. Therefore, I find that there is no genuine dispute of material fact and that summary judgment should be entered in the defendants' favor on Burke's equal protection claim.

An appropriate Order and Judgment will be entered.

ENTERED: March 26, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE